IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02431-KLM

KRISTINA HUFFMAN,

    Plaintiff,

v.

BC SERVICES, INC.,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [#5][1] (the "Motion"). Plaintiff filed a Response [#8] in opposition to the Motion, and Defendant filed a Reply [#10]. Pursuant to 28 U.S.C. § 636(c)(1) and D.C.COLO.LCivR 72.1(c), the parties in this civil action consented to have the undersigned conduct all proceedings. *See* [#12]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#5] is **GRANTED in part**, and **DENIED without prejudice in part**.

**I. Summary of the Case**

Plaintiff Kristina Huffman ("Plaintiff"), brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g. *Compl.*

---

[1] "[#5]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[#1] at ¶ 15.  Defendant BC Services, Inc. ("Defendant") is a debt collector.  *Id.* at ¶ 5; *Motion* [#5] at 1.  Plaintiff is a resident of Colorado and a former debtor to Defendant.  *Compl.* [#1] at ¶ 10, 11.  On March 3, 2016, Defendant mailed a letter to Plaintiff.  *Id.* at ¶ 11-13.  The letter was Defendant's initial written communication to Plaintiff.  *Id.*  It stated, "This communication is an attempt to collect a debt by a debt collector."  *Id.* at ¶ 10; *Letter* [#8-1].[2]  The letter also stated in two conspicuous locations that the principal, interest and balance owed on the account was "$0.00."  *Id.*  Plaintiff alleges in her Complaint that because the letter states that it is an attempt to collect a debt but that the amount owed is "$0.00," the letter is harassing and deceptive and therefore violates the FDCPA.  *Id.* at ¶ 12.

Defendant moves to dismiss the Complaint with prejudice on the grounds that Plaintiff failed to state a claim upon which relief can be granted, and also requests "reasonable attorney fees and costs incurred[.]"  *Motion* [#5] at 4, 7.  Defendant argues that because the letter was sent following resolution of the debt, Plaintiff does not assert a viable cause of action.  *Reply* [#10] at 2.  Plaintiff contends that the Complaint satisfies the criteria of a viable claim because Defendant's conduct "falls squarely within the realm of conduct the FDCPA sought to protect consumers from[.]"  *Response* [#8] at 8.

## II. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the

---

[2]  Generally, a court cannot consider facts supported by documents other than the complaint on a motion to dismiss, unless the motion to dismiss is converted into a motion for summary judgment.  *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).  However, one exception is when outside documents are both central to the plaintiff's claim and the plaintiff refers to the documents in the complaint.  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  Here, Plaintiff refers to the letter in the Complaint, and the letter is central to Plaintiff's claim.  *See Compl.* [#1] at ¶ 9, 10, 12.

sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding whether to grant a motion to dismiss, the court looks to the facts alleged in the complaint, which must be accepted as true, to determine whether they plausibly support the legal claim for relief pleaded. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). In order to survive a motion to dismiss, the complaint must allege facts that support each element necessary to show entitlement to relief under the proposed legal theory. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (citing *Forrest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

### III. Analysis

**A. Motion to Dismiss**

Plaintiff argues that Defendant violated the FDCPA when it sent the letter because "the sending of a collection letter that is explicitly collecting a debt, when there is no balance, is not only harassing but completely deceptive[.]" *Compl.* [#1] at ¶ 12, 13, 15. Defendant

argues that Plaintiff's claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. *Motion* [#5] at 3. Specifically, Defendant asserts that "there is nothing in [Defendant's] initial written advisements that demand payment, or otherwise independently establish that a debt is actually owed." *Id.* at 5.

The purpose of the FDPCA is to protect consumers against abusive debt collection practices, to eliminate abusive debt collection practices, and to ensure consistent state practice against debt collection abuse. 15 U.S.C. § 1692(e). To establish a viable claim under the FDCPA, a plaintiff must show the following:

> (1) he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into primarily for personal, family, or household purposes, as required by 15 U.S.C. § 1692a(5); (3) Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant, through its acts or omissions, violated a provision of the FDCPA.

*Villanueva v. Account Discovery Sys., LLC.*, 77 F. Supp. 3d 1058, 1073 (D. Colo. 2015) (citing *Sherwood v. BRT Corp.*, No. 12-cv-02782-RM-KMT, 2014 WL 5763191, at *5 (D. Colo. July 8, 2014)); *Lucero v. Bd. of Recovery, Inc.*, No. CIV 09-0532 JB/WDS, 2012 WL 681797, at *12 (D.N.M. Feb. 28, 2012). Here, Plaintiff alleges in part that Defendant violated §§ 1692d, 1692e,[3] and 1692f. *Compl.* [#1] at ¶ 15. The Tenth Circuit Court of

---

[3] In addition to the general prohibition against false, deceptive, or misleading conduct, § 1692e sets forth a non-exhaustive list of debt collection practices that violate the FDCPA. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *Lesher v. La Offices of Mitchell N. Kay, PC,* 650 F.3d 993 (3d Cir. 2011); *Schendzielos v. Silverman,* 139 F. Supp. 3d 1239, 1243 (D. Colo. 2015). Plaintiff alleges Defendant's conduct falls under the following prohibited debt collection practices: § 1692e(2), which prohibits the false representation of the nature or character of the debt; § 1692e(5), which prohibits threatening to take action that is not legal or intended to be taken; § 1692e(7), which prohibits making false representations of debtor conduct in order to disgrace the consumer; § 1692e(8), which prohibits threatening to communicate credit information which is known to be false; and § 169e2(10), which prohibits using false representation or deception to collect or attempt to collect debt or to obtain information concerning a consumer. *See Compl.* [#1] at ¶ 15.

Appeals explains:

> The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. Third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f.

*Johnson v. Riddle*, 305 F. 3d 1107, 1117 (10th Cir. 2002). Plaintiff also alleges that Defendant violated § 1692g, which provides that a debt collector's initial communication in connection with the collection of debt must contain the following information: the amount of the debt, the name of the creditor, a statement that the consumer has thirty days to dispute the debt, a statement that the creditor will verify the debt within thirty days if the consumer disputes it, and a statement that the creditor will provide the name of the original creditor upon request. *Compl.* [#1] at ¶ 15.

In order for a plaintiff to establish a violation under these provisions, the debt collector must be engaged in prohibited conduct "in connection with the collection of a debt." *Gorbaty v. Portfolio Recovery Assocs.*, 355 F. App'x 580, 581 (3d Cir. 2009). "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir.1987); *see also Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1204 (D. Colo. 2003). Courts have reasoned that when there is no debt, there can be no debt collection. *See e.g.*, *Posso v. Asta Funding Inc.*, No. 07 C 4024, 2007 WL 3374400, at *3 (N.D. Ill. Nov. 9, 2007); *Winter v. I.C. Sys., Inc.*, 543 F. Supp. 2d 1210, 1214 (S.D. Cal. 2008) (finding no violation of the

FDCPA when the alleged conduct occurred after the consumer paid off his debt); *Narog v. Certegy Check Servs.*, 759 F. Supp. 2d 1189, 1193 (N.D. Cal. 2011) (finding defendant's conduct not in connection with the collection of a debt under the FDCPA where the debt was paid in full and the debt collector acknowledged that the debt was paid in full).

In *Posso*, the Northern District of Illinois examined an alleged violation of the FDCPA. 2007 WL 3374400, at *1. The plaintiff argued that when a former debt collector filed a tax form with the IRS that overstated the amount for which the plaintiff settled the debt, the debt collector violated 15 U.S.C. § 1692e because filing the tax form with an incorrect and inflated amount constituted false or misleading conduct "in connection with the collection of debt." *Id.* at *1, 3. The court disagreed, explaining that because the tax form was filed by a *former* debt collector after the debt was terminated through settlement, the tax form tangentially related to the debt, rather than to the *collection* of the debt. *Id.* at 4. Because actions taken after the termination of a debt "by former debt-collectors . . . could not be deemed to be 'in connection' with a present debt collection proceeding," the defendant's conduct could not constitute a violation of the FDCPA. *Id.* at 3. The Third Circuit Court of Appeals similarly held that a plaintiff failed to state a claim because the alleged conduct occurred after the termination of the debt. See *Gorbaty*, 355 F. App'x at 581-82. In *Gorbaty,* the plaintiff claimed that when a former debt collector sent him cancellation of debt notices and failed to respond to the plaintiff's request for verification of the debt, the debt collector violated the FDCPA. *Id.* at 581. The court, ruling in defendant's favor, reasoned that "[w]hen a debt is cancelled, there is no debt and there can be no debt collection." *Id.* at 582. Thus, because the plaintiff's debt had been cancelled prior to defendant's conduct, such conduct could not "be deemed 'in connection' to a present debt collection proceeding" and therefore was "not

protected by the FDCPA." *Id.*

Plaintiff maintains that the FDCPA is designed to protect consumers whether or not the debt is valid. *Response* [#2] at 4. Cases that support Plaintiff's contention that debt collectors are liable under the FDCPA for post-debt conduct are distinguishable because the debt collector conduct in those cases constituted actual attempts to collect debt. For example, in *Yarney v. Ocwen Loan Servicing*, the plaintiff successfully sued a debt collector defendant when the defendant sought payment on a debt previously terminated through settlement agreements. 929 F. Supp. 2d 569, 572 (W.D. Va. 2013). The court determined that the defendant made false representations that the plaintiff still owed payment on the debt and had elicited payment from plaintiff in violation of § 1692e of the FDCPA. *Id.* at 572-73; *see also Johns v. Wells Fargo Bank*, No. 14-0254-KD-C, 2015 WL 143753, at *1, 7 (S.D. Ala. Jan. 12, 2015) (finding a violation of the FDCPA when the debt collector sent three collection letters demanding $38,406.13, $39,247.26, and $40,088.39 after the debt had been discharged through bankruptcy proceedings); *Church v. Accretive Health*, No. 14-0057-WS-B, 2014 WL 7184340, at *1, 2, 14 (S.D. Ala. Dec. 16, 2014) (denying a motion to dismiss plaintiff's FDCPA claim where a debt collector sent a collection letter showing an active balance of $1,944.80 after the debt was discharged through bankruptcy).

Here, the Court adopts the reasoning that when there is no actual or purported debt, there is no debt collection for the purpose of alleging an FDCPA violation. *See Gorbaty*, 355 F. App'x at 581; *Posso*, 2007 WL 3374400, at *3. Plaintiff acknowledges that there was no balance owed at the time the letter was sent and that the letter does not state that any debt was owed. *Compl.* [#1] at ¶ 11-12; *Response* [#8] at 2, 9. Since the balance on the letter was $0.00 and Defendant made no representations to the contrary, Defendant was not

collecting or attempting to collect any debt. Therefore, Defendant's conduct was not in connection with the collection of debt, and Plaintiff thereby fails to allege a critical element of a claim pursuant to §§ 1692d, 1692e, 1692f,[4] and 1692g.

Because Plaintiff fails to allege that Defendant's conduct was done in connection with the collection of debt, Plaintiff has failed to state a claim that entitles her to relief under the FDCPA. Therefore, Plaintiff's claim is **dismissed with prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

**B.      Attorney's Fees**

Defendant requests attorney's fees and costs incurred in defending this action. *Motion* [#5] at 7. Pursuant to D.C. Colo. LCivR 54.3, a motion for attorney's fees must be supported by an affidavit, and the motion itself must contain a summary of qualifications and experience, a description of services rendered, time spent, rate, and total amount claimed. Defendant has not complied with these requirements.   Accordingly, the Motion [#5] with respect to Defendant's request for attorney's fees is **denied without prejudice**.

**V. Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#5] is **GRANTED in part**, and **DENIED**

---

[4] To establish a violation under § 1692f, the plaintiff must show that the debt collector used unfair or unconscionable means "in order to collect or to attempt to collect any debt[,]" rather than "in connection with the collection of debt" as required by §§ 1692d, 1692e, and 1692g. Although the language of § 1692f varies slightly from the other sections, the analysis is essentially the same; the complained about conduct must occur in connection with present debt collection proceeding to constitute a violation of the FDCPA. *Gorbaty*, 355 Fed. App'x at 582.

**without prejudice in part**. The claim against Defendant is **dismissed with prejudice**.

IT IS FURTHER **ORDERED** that, if Defendant wishes to pursue its request for attorney's fees, Defendant shall file a motion that complies with D.C. Colo. LCivR 54.3 **on or before June 30, 2017**. If Defendant fails to file a motion by that date, the Court will close this case.

Dated: June 9, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge